## Henry Harms v. Caroline Steir.

1. APPELLATE COURT PRACTICE—*Improper Remarks by Counsel—When Ground for Reversal.*—This court will not reverse a judgment on account of improper remarks by counsel, unless it is plain that justice was in some way subverted or defeated thereby, but will in most instances rely upon the trial judge to protect against any injurious consequences from the indiscretion and over-zeal of counsel.

Trespass, for breaking into a dwelling house. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

GAGE & DEMING, attorneys for appellant.

OLIVER & MECARTNEY and SIMMONS & WINSTON, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of $2,000 recovered in an action of trespass brought by appellee against appellant.

The appellant urges three grounds for a reversal of the judgment.

First.   That the verdict is not sustained by the evidence.

Second.   Improper remarks by appellee's counsel.

Third.   Excessiveness of the verdict and judgment.

Concerning the first ground: There were eight witnesses on each side who testified, and it may be truly said that there is no possibility of reconciling much of the evidence, *pro* and *con.*

In such cases an appellate tribunal can not, with safety, substitute its judgment of the truthfulness of the testimony of one set of witnesses and the untruthfulness of another, for that of the jury and trial judge, who saw and heard the witnesses as they testified. The law is, that in cases of irreconcilable conflict of testimony the verdict must stand.

Upon the second ground: That of improper remarks by appellee's counsel made to the jury, and to the court in the presence of the jury.

There was no objection made, and consequently no ruling to which an exception could have been taken, to the first remark that is complained of, made in the opening speech to the jury, about one Brenzel and his wife having " either ran away, or had gone away before the policeman came, so they were not on the scene when the arrest was made." For the presumable purpose of ascertaining whether Brenzel was a party to the suit, the court interposed, at this point, with the remark, " Harms is the only party." To that remark of the court, counsel for appellant replied, " Suit has been dismissed as to the other defendants." And then the court remarked, " This case appears to have been tried once before." Whereupon counsel for appellee stated to the court the fact that the cause had been formerly tried before a different judge, and taken from the jury, which was followed by an appeal to this court, where the cause was remanded for another trial, which was the occasion of the cause being here for trial again.

To nothing that so occurred was any objection made or exception taken, and we are at a loss to understand why counsel should have incorporated into his brief the statement of such occurrence as constituting error.

To other subsequent remarks made while examining witnesses, and in the closing argument, objections were made, and ruled upon by the court, sometimes sustaining and other

times overruling them, but we are unable to see any error in any ruling that was unfavorable to appellant.

In the written reasons filed for a new trial, it was specifically urged that such remarks of counsel were improper, and we must assume that the trial court gave due consideration to the subject in deciding upon that motion.

Although with due deference to the exalted system of ethics which graces the profession of the law, we may regret that counsel did not omit most of the matters complained of, still we, sitting as a court of review, may not seize upon such things as a ground for reversing a judgment where it is not plain that justice has been in some way subverted or defeated by the practice. We must in most instances, like the present, rely confidently upon the trial judge to protect against any injurious consequences from the indiscretion and over-zeal of counsel in such respects.

Commenting upon this subject, our Supreme Court has, in the very recent case (opinion filed November 9, 1896) of W. C. St. R. R. Co. v. Annis, spoken most felicitously :

" No more delicate question for decision can arise than the propriety of the conduct of counsel in the trial of cases, and it is gratifying to know that the sense of professional propriety is generally such that courts are seldom called upon to do so. When, however, the necessity arises, trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means, and making remarks outside of the evidence calculated only to arouse the prejudice and passions of the jury; and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial. It is, however, as held in the Cotton case, *supra*, a matter resting in the sound discretion of the trial judge to say, under all the circumstances of the case, and in view of the counter remarks which may be made, and the temper and character of the jury, whether a new trial should be granted or not; and unless it satisfactorily appears from the record that the trial court had abused its discretion in this regard, courts of review can not interfere."

As to the excessiveness of the recovery, but a few words need be said.

The law permits punitive damages to be awarded in cases of aggravated trespass, in order that the guilty party may be punished, and others deterred from similar acts.

We do not find in the record, evidence that would warrant a recovery of so large a sum by way of compensation, but we are not disposed to overturn the verdict which has been approved by the trial judge, merely because it partakes considerably of punishment.

It is no light matter for one to have his or her home intruded upon by trespassers, who, in the winter time, tear away part of the side and roof of the house, and break a large hole from the outside into a room where the occupant lies in bed sick; and when the person found to be responsible for such a trespass is proved to be worth a half million of dollars, and, therefore, able to pay without much sacrifice, he may not successfully complain that a verdict of $2,000 is excessive.

The motion to tax against appellant the costs of the additional abstract, is denied. We have not found it to be necessary to a fair understanding of the record of the cause.

The judgment of the Circuit Court will be affirmed.